IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-41134
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTONYA RENEE COLE,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-00-CR-96-3
---------------------
May 2, 2001

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Antonya Renee Cole appeals her convictions for possession of
marijuana with intent to distribute, conspiracy to possess
marijuana with intent to distribute, and conspiracy to commit
money laundering.  She asserts that the evidence was insufficient
to support her conviction because the testimony of the
cooperating codefendant, Angela Doby, was induced through a plea
agreement and was not corroborated.  The uncorroborated testimony
of a coconspirator may be sufficient to support a conviction.
United States v. Westbrook, 119 F.3d 1176, 1189 (5th Cir. 1997).

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

The offer of a leniency agreement by the Government does not violate the federal bribery statute. See United States v. Haese, 162 F.3d 359, 367-68 (5th Cir. 1998). We hold that the evidence was sufficient to support Cole's conviction on each ground.

Cole has raised various assertions of ineffective assistance of her trial counsel. The record has not been adequately developed for this court to consider these claims on direct appeal. See United States v. Higdon, 832 F.2d 312, 314 (5th Cir. 1987).

Cole also asserts that her trial was rendered fundamentally unfair because a government witness improperly commented on Cole's post-arrest, post-Miranda silence in violation of Doyle v. Ohio, 426 U.S. 610 (1976). Because no objection was made to the witness's testimony, review is for plain error. United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994)(en banc)(citing United States v. Olano, 507 U.S. 725, 731-37 (1993)). As Cole testified that she had exercised her right to remain silent in order to bolster her own credibility and to refute another officer's testimony regarding her post-arrest statements, she cannot show that her substantial rights were affected by the case agent's testimony. Consequently, her conviction is AFFIRMED.